Karen **PARKER**, Respondent–Appellant,

v.

**MONROE COUNTY DEPARTMENT OF PUBLIC WELFARE,** Petitioner–Appellee.

No. 53A01–8809–CV–284.

Court of Appeals of Indiana, First District.

Jan. 30, 1989.

Thomas M. Frohman, Marcy Wenzler, Legal Services Organization of Indiana, Inc., Bloomington, for respondent-appellant.

Robert E. Sembroski, Bloomington, for petitioner-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Respondent-appellant, Karen Parker (Karen), appeals a judgment of the Monroe Circuit Court, Juvenile Division, finding that her three children were children in need of services under IND.CODE 31–6–4–3.

We affirm.

## STATEMENT OF THE FACTS

On the night of April 20–21, 1988, Karen left her three children, Shane, age 9, Devin, age 6, and Dylan, age 2, at a friend's house. During the night, she abused drugs by taking large quantities of valium and injecting herself with speed. She forgot what she had done with the children but was under the impression she had lost them at the College Mall in Bloomington, Indiana. Mall officials were notified and they in turn notified the police. After failing to come to the police station upon request, an officer went to Karen's home. The officer testified that Karen's eyes were bloodshot and she appeared to be intoxicat-ed, although there was no smell of alcohol on her breath. The officer further testified that Karen kept changing her story, was irrational, uncooperative, combative, and that her principal concern was to take a shower and wash her hair. The officer also noticed needle marks on her arm. The officer informed the media of the missing children and the media published an alert. In time the children were found at the friend's home. Karen remained hospitalized for several days.

At the time of the hearing, Karen was under the care of a psychiatrist. The psychiatrist testified that Karen complained of depression, agoraphobia (abnormal fear of crossing or being in the midst of an open space), being nervous around people, and feeling that people were looking at her. She had suicidal thoughts, nightmares, insomnia, and temper problems. She abused both speed and valium, which drugs can produce delusions and psychosis, and affect one's judgment. A person under such influence can be a risk to children in her care. The psychiatrist testified further that Karen's primary problem was manic-depression with her drug problem being a secondary affliction. Her condition was considered unstable. In the previous year she had been a patient at the South Central Mental Health Center, an institution specializing in alcohol and drug abuse. He stated that while she was responding to treatment, which included antidepressant medications, it was too early to make any definitive recommendations as to her prognosis, as these disorders were unpredictable.

There was testimony that while visiting the home in which the welfare department had placed her children, Karen struck Shane after he remarked in a sarcastic manner that he would never go any place with her again. Additionally, she let Dylan fall to the floor as she got up to leave. There is evidence in the record, however, that the children had been fed, clothed, and bore no marks of abuse. There was also evidence that when normal, Karen was a caring mother.

## ISSUE

The only issue presented by Karen on appeal is whether the evidence was sufficient to support the finding that her children were in need of services.

## DISCUSSION AND DECISION

IND.CODE 31-6-4-3(a)(1) provides, inter alia, that a child is in need of services if the child's physical and mental condition is seriously *endangered* as a result of the inability, refusal, or neglect on the part of the parent to supply the child with supervision. In its findings, the trial court stated that such a condition existed, that the children and their mother were in need of care, treatment, or rehabilitation, and that such services were unlikely to be provided or accepted without the coercive intervention of the court.

■ On appeal, this court does not reweigh the evidence or redetermine the credibility of the witnesses, but it considers only the evidence most favorable to support the judgment. *In the Matter of Lozier* (1983), Ind.App., 453 N.E.2d 345, *trans. denied.* The standard of proof is a preponderance of the evidence. *Tucker v. Marion County Department of Public Welfare* (1980), Ind.App., 408 N.E.2d 814; IND. CODE 31-6-7-13(a). Fundamental rights to family integrity protect the relationship between parent and child from state action; however, in the event of parental neglect, abuse, or abandonment, the State has a compelling interest in protecting the welfare of the child. *In the Matter of Joseph* (1981), Ind.App., 416 N.E.2d 857.

Karen's argument is purely factual. While conceding the facts we cited above, Karen argues that there is no evidence that her condition had any negative effect on her children or endangered them. She maintains that she was already receiving treatment and coercive action was not necessary. We disagree.

■ IND.CODE 31-6-4-3 provides that a child is in need of services when it is endangered by parental action or non-action. Under that provision, the welfare department and the court need not wait until a tradgedy occurs or the children are irretrievably ruined by a parent who is out of control in order to take action. The act that occasioned this action was but one incident in a pattern of aberrant conduct. Clearly, under the facts, Karen was out of control, incompetent to care for her children, and posed a threat to the children's welfare and safety. Such a conclusion is obvious to any rational person and needs no argument to demonstrate. At the time of the trial, Karen had not recovered and the psychiatrist had reservations concerning her prognosis and the safety of the children in her care. We agree that for the safety and well-being of the children, the court properly interceded to correct a dangerous and deteriorating situation. Coercive influence was needed not only for the safety of the children but to retrieve Karen from the abyss of drug induced mental problems into which she had fallen.

For the above reasons, this cause is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., and CHEZEM, J., concur.